## J. Arthur Rigby *v.* Abraham Oppenheimer, Appellant.

*Contract—Consideration—Partnership or individual debt.*

An undertaking signed by one partner to give a bonus as inducement for the purchase of a stipulated amount of goods from his firm does not. fail for want of consideration ; the interest of the partner in the increase of the business of his firm is adequate consideration to support the promise. Such a promise is not a firm obligation, hence the retirement of the promisor from the firm and the assumption of firm debt, by the successors does not relieve him from his obligation.

Submitted Oct. 17, 1899. Appeal, No. 144, Oct. T., 1899, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1899, No. 617, for want of a sufficient affidavit of defense. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER,

W. D. PORTER and BEEBER, JJ.   Affirmed.   Opinion by
W. W. PORTER, J.

Rule for judgment for want of a sufficient affidavit of de-
fense.   Before the court in banc.

· The facts sufficiently appear in the opinion of the court.
Judgment for plaintiff for $400.   Defendant appealed.

*Error assigned* was in not discharging rule for judgment for
want of a sufficient affidavit of defense.

*Wm. Jay Turner*, for appellant.—The affidavit of defense was
sufficient and the questions of fact raised therein should have
gone to the jury: Furniture Co. v. School Dist., 130 Pa. 76.

*Clinton O. Mayer*, with him *Joseph L. Greenwald*, for appel-
lee.—In all the cases cited by appellant, there were promises
made by the party who obtained the writing, which induced
the defendant to give it: Furniture Co. v. School Dist., 130
Pa. 76; Walker v. France, 112 Pa. 203; Cullmans v. Lindsay,
114 Pa. 170.

OPINION BY WILLIAM W. PORTER, J., December 11, 1899:
The defendant put his signature to this paper: " Philadelphia,
Jan. 12th, 1898.  I the undersigned, A. Oppenheimer of the firm
·of Theobald & Oppenheimer, hereby agree to give to Mr. J. A.
.Rigby of Mansfield, O., free of charge to him twenty thousand
·(20,000) 'Maritana' cigars in the event of his purchases of
'Theobald & Oppenheimer during the year of 1898 amount to
·one hundred and thirty thousand dollars ($130,000).  A. Oppen-
heimer."

The plaintiff avers that the purchases exceeded the amount
named, and that the value of the cigars undelivered is $600.
The defendant in substance says in his affidavit: (1) that the
paper writing was not his obligation but that of his firm;
(2) that it was merely a memorandum without consideration;
(3) that he has retired from the firm with agreement that his
partner shall pay its debts, and that the plaintiff is now asso-
ciated with the continuing partner; and (4) that the cigars were
worth $400 and not $600.  An attempt to prove the document

the obligation of the partnership and not of the individual would be futile. The evidence could not be received. Nothing can be clearer than that it would be a change in the substantive terms of the paper. No averment is made of mistake or fraud, or of any promise made as inducement to the giving of the writing in its present form. The averment of want of consideration is not sufficient to prevent judgment. The interest of a partner in the increase of the business of his firm is adequate consideration to support the promise made. The obligation being individual, the averments respecting the retirement of the defendant from his firm, and the assumption of the firm debts by successors, do not help the defendant. The court below has entered judgment for want of sufficient affidavit and for the amount admitted by the affidavit. There being no defense upon the merits shown, no error was committed in entering the judgment.

Judgment affirmed.